**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James DURAN, Defendant–Appellant.**

No. 10–4132.

United States Court of Appeals, Tenth Circuit.

Jan. 19, 2011.

Diana Hagen, Esq., Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

James Duran, Herlong, CA, pro se.

Before MURPHY, GORSUCH, and HOLMES, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

This matter is before the court on James Duran's pro se request for a certificate of appealability ("COA"). Duran seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). Because Duran has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial, Duran was convicted of multiple counts of violating feder-al drug and firearm prohibitions. *United States v. Duran,* 213 Fed.Appx. 764, 765 (10th Cir.2007). This court affirmed Duran's convictions on appeal, concluding that neither the issues raised by counsel nor the issues raised by Duran in a pro se brief had any merit. *Id.* at 767–68. Duran thereafter filed the instant § 2255 motion, raising numerous issues, many of which had multiple sub-issues. After carefully parsing Duran's voluminous and often opaque filings, the district court denied Duran's § 2255 motion on the merits.

The granting of a COA is a jurisdictional prerequisite to Duran's appeal from the denial of his § 2255 motion. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Duran must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether Duran has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Duran need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Duran's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller–El,* we conclude Duran is not entitled to a COA. The district court's resolution of Duran's § 2255

motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Duran's request for a COA and **DISMISSES** this appeal.